[Civ. No. 4133.  Second Appellate District, Division Two.—March 17, 1926.]

CHAS. E. SCRANTON, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] CARRIERS—BILL OF LADING—LIMITATION OF VALUE OF GOODS—CONSTRUCTION.—A memorandum in a bill of lading signed by an agent of the shipper reading: "I hereby declare the value of H H Goods herein described as 10 cents per lb.," applied only to the item "1 Bx H H Gds" described in the bill of lading, where the property shipped was listed in the bill of lading as follows: "2 Bxs Canned Fruit, 1 Crt Trunk, 1 Bx H H Goods. 1 Bdl Lumber dressed."

[2] ID.—ACTION TO RECOVER VALUE OF GOODS DESTROYED BY FIRE—STIPULATION—AGENCY—LIMITATION OF VALUE.—Under stipulation entered into between the respective parties in an action by a shipper against a railroad company to recover the value of goods

destroyed by fire while in transit, to the effect that the plaintiff delivered his goods to a certain transfer company at the place of shipment "to take charge of said goods as his agent and to take the necessary steps, with full authority to ship said goods from" said place to the point of destination, the terms of the agent's authority as expressed in such stipulation, without anything else, were insufficient to uphold the agent's act in attempting to limit the value of a part of the goods shipped.

[3] ID.—SHIPMENT OF GOODS—AGENCY—RATES—EVIDENCE.—In an action by a shipper against a railroad company to recover the value of goods destroyed by fire while in transit, the rule that power to ship goods, conferred upon an agent, includes the power to make a contract for special rates for carriage, is not applicable where there is nothing in the record which tends to prove that the limitation of value attempted to be placed upon the shipped goods was intended to operate to procure a reduction of freight charges, or even that any part of the goods was shipped at less than the maximum rates for such services.

[4] ID.—SECTION 20, INTERSTATE COMMERCE ACT—INAPPLICABILITY OF —EVIDENCE.—In such action, if it were to be conceded that the provision in section 20 of the Interstate Commerce Act (4 Fed. Stats. Ann., 2d ed., 506), to the effect that if goods to be shipped by common carrier "are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, in which case the interstate commerce commission may establish and maintain rates for transportation, dependent upon the value of the property shipped as specifically stated in writing by the shipper," would apply to the plaintiff acting through his agent just as it would had plaintiff personally delivered his goods to defendant for shipment, nevertheless there is nothing shown which indicates that the statute would have had any application if plaintiff had made such personal delivery, where nothing in the record is called to the attention of the court which tends to prove that some of the goods mentioned in the bill of lading were hidden from view by wrapping, boxing, or other means when they were delivered to defendant for shipment, or that defendant was not notified as to the character of the goods, or that defendant required plaintiff, through his agent to specifically state in writing the value of the goods; and the burden of proof was not upon plaintiff to prove these negatives.

---

(1) 10 C. J., p. 184, n. 40.   (2) 2 C. J., p. 956, n. 86.   (3) 2 C. J., p. 663, n. 25.   (4) 10 C. J., p. 189, n. 96.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thos. O. Toland, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

E. M. Swartz for Respondent.

WORKS, J.—Plaintiff delivered to defendant, a common carrier, certain personal property to be shipped over defendant's lines of railway from Portland, Oregon, to Monrovia, California. While in transit the goods were destroyed by fire and plaintiff commenced this action to recover their value. The trial court found that the value of the property was $850 and rendered judgment for that amount. Defendant appeals.

It is contended by appellant that the judgment was excessive, and in order to lay a foundation for the discussion of the question presented it is necessary to refer in part to the contents of the bill of lading which was issued by appellant at the time the goods were lodged with it for shipment. The property shipped was listed in the document as follows: "2 Bxs Canned Fruit. 1 Crt. Trunk. 1 Bx H H. Gds. 1 Bdl Lumber dressed." There was a memorandum in the bill of lading signed by an agent of respondent, but we lay aside for the present all question as to the nature or extent of the authority of the agent who appended the signature. The memorandum read: "I hereby declare the value of H. H. Goods herein described as 10 cents per lb."

[1] The trial court made various findings of fact concerning this memorandum, but it is not necessary to state their purport. They were all based upon the trial judge's view of the law, with which appellant does not agree. There is therefore no question presented on the appeal which involves the sufficiency of the evidence to support any finding unless appellant's view of the law as applied to the findings is correct and the theory of the trial judge was incorrect.

We are first called upon to determine the extent to which respondent's agent, by the memorandum made upon the bill of lading, attempted to limit the value of the goods which

made up the shipment. The limitation, if it was effective at all, a point later to be considered, applied only to the item, "1 Bx H H Gds." The memorandum purported to place a value on the H H Goods "described" in the bill of lading, and the item of the bill just quoted is exactly covered by the terms of the memorandum. If we either assume the abbreviated expression in the memorandum to refer to household goods, or take it as it is without attempt to assign a meaning to the initials "H H," we can by no means see that the remaining items of the bill of lading comport with it. We cannot perceive that either canned fruit, a trunk, or dressed lumber is included within the expression "H H Goods."

[2] The next question is as to whether the memorandum written on the bill of lading had any effect whatever. Respondent contends that his agent had no authority to write it; appellant asserts that the authority to do so was ample. It was stipulated at the trial that respondent delivered his goods to a certain transfer company at Portland "to take charge of said goods as his agent and to take the necessary steps, with full authority to ship said goods from" that place to Monrovia. Appellant contends that this language clothed the transfer company with power to place a limitation upon the value of the "H H Goods." It is our opinion that the terms of the agent's authority as expressed in the stipulation, without anything else, were insufficient to uphold its act in attempting to limit value.

[3] Appellant cites authority to the effect that power to ship goods, conferred upon an agent, includes the power to make a contract for special rates for carriage, but nothing is shown us which renders such a rule applicable here. We are pointed to nothing in the record which tends to prove that the limitation of value attempted to be placed upon the shipped goods was intended to operate to procure a reduction of freight charges, or even that any part of the goods was shipped at less than the maximum rates for such service.

[4] It is provided by section 20 of the Interstate Commerce Act (4 Fed. Stats. Ann., 2d ed., 506) that if goods to be shipped by common carrier "are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may

require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, in which case the Interstate Commerce Commission may establish and maintain rates for transportation, dependent upon the value of the property shipped as specifically stated in writing by the shipper.'' Appellant sets forth this provision in its brief, but the enactment apparently has no bearing upon the present cause. If we concede that this statute would apply to respondent acting through his agent just as it would had respondent personally delivered his goods to appellant for shipment, we are shown nothing which indicates that it would have had an application if respondent had made such personal delivery. Specifically, nothing in the record is called to our attention which tends to prove that the H H Gds mentioned in the bill of lading were hidden from view by wrapping, boxing, or other means when they were delivered to appellant for shipment, or that appellant was not notified as to the character of the goods, or that appellant required respondent, through his agent, to specifically state in writing the value of the goods. Clearly, to our minds, the burden of proof was not upon respondent to prove these negatives. That respondent is not bound under the statute by the attempted limitation upon value, in the absence of evidence upon the points just mentioned, is shown by *Union Pac. R. R. Co.* v. *Burke,* 255 U. S. 317 [65 L. Ed. 656, 41 Sup. Ct. Rep. 283, see, also, Rose's U. S. Notes].

We have nothing before us, as a measure of the authority of respondent's agent, except the statement contained in the stipulation entered into at the trial. We think the authority there shown was not of sufficient strength to sustain the burden which appellant seeks to impose upon it.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1926.